UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

PEGGY S. POTREBIC,

      Plaintiff,

  v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

      Defendant.

Case No. 2:17-cv-00462-JVB-APR

**OPINION AND ORDER**

Plaintiff Peggy S. Potrebic seeks judicial review of the Social Security Commissioner's decision denying her disability benefits, and asks this Court to remand the case. For the reasons below, this Court remands the ALJ's decision.

**A. Overview of the Case**

Plaintiff alleges that he became disabled on January 8, 2010. (R. at 11.) After an initial hearing, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled in December 2011. (R. at 8.) The District Court remanded the ALJ's decision in September 2014, ordering the ALJ to: properly account for Plaintiff's difficulties in concentration, persistence, or pace in the RFC; incorporate a fuller discussion regarding Plaintiff's occasional use of her hands; and provide a more thorough analysis of Plaintiff's credibility. (R. at 478–504.) After a second hearing, the ALJ once again found in July of 2015 that Plaintiff was not disabled. (R. at 838.) Plaintiff again appealed the decision to the District Court, where both parties agreed to a remand. The District Court once again instructed the ALJ to reconsider evidence related to Plaintiff's RFC with regards to concentration, persistence, and pace. (R. at 869.) Further, the ALJ was

instructed to reassess Plaintiff's subjective complaints and obtain vocational expert testimony as necessary. (R. at 869.) After a third hearing, a different ALJ found that Plaintiff suffered from severe impairments. (R. at 753.) The ALJ found Plaintiff disabled from January 8, 2010 through April 30, 2013, but not disabled as of May 1, 2013. (R. at 755.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 870.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff filed an opening brief, and the Commissioner responded by filing a motion to remand for further administrative proceedings. Plaintiff objected to this motion in her response, arguing that only an award of benefits is the appropriate remedy. The vocational expert ("VE") found that superficial contact with supervisors precluded all work, yet the ALJ included the limitation in the RFC and still found Plaintiff could perform work. Plaintiff argues there is no material fact in dispute, and therefore benefits should be awarded.

**(1) Vocational Expert Testimony**

At the hearing, the ALJ posed a hypothetical to the VE asking the VE to consider an individual of claimant's age, education, and work history who was limited to appropriate but superficial contact with coworkers, supervisors, and the general public. (R. at 808.) The VE stated that learning a job required more than superficial contact with a supervisor, even in unskilled jobs. (R. at 810.) The VE found that being limited to superficial dealing with supervisors would lead to being unable to perform any job. (R. at 810.) The ALJ continued with other hypotheticals, to which the VE answered with jobs Plaintiff could perform. (R. at 810-14.) However, when Plaintiff's counsel asked whether the limitation to superficial contact with supervisors would allow her to work the previous jobs listed, the VE answered that "[Plaintiff] couldn't do the jobs that I've indicated." (R. at 814.) Further, "[i]f superficial [contact] is going to apply to the training period then there would be no jobs." (R. at 814-15.) Yet in the ALJ's

3

decision, the ALJ found that Plaintiff had the residual functional capacity to interact appropriately but on a superficial basis with coworkers, supervisors and the public. (R. at 757.) Problematically, the ALJ still found that on the basis of the VE's testimony, Plaintiff was capable of performing work in the national economy. (R. at 764.)

Plaintiff argues that the ALJ fatally erred in finding Plaintiff could perform jobs in the national economy when she included an RFC limitation which the VE stated would preclude all work. The ALJ impermissibly ignored the VE's assertion that a limitation to superficial contact with supervisors would preclude all work. The ALJ must consider all relevant evidence and analyze it in the decision. This is especially true when a VE testifies and offers opinions at step 5, yet the ALJ ignores the testimony without explanation. *See Sayles v. Barnhart*, No.00 C 7200, 2001 U.S. Dist. LEXIS 20398, at \*26 (N.D. Ill. Dec. 6, 2001). The ALJ may not ignore relevant evidence and opinions offered by the VE without explanation, yet the ALJ did so here. The ALJ disregarded the VE's assertion that an included limitation would preclude all work, yet failed to explain why at the same time, she found that Plaintiff could perform full time work. This error "raises a red flag that, at a minimum, needs to be acknowledged on remand." *Bailey v. Barnhart*, 473 F. Supp. 2d 822, 840 (N.D. Ill. 2006).

**(2) Other Issues**

Based on the obvious and problematic step five error, the Court need not explore in detail Plaintiff's remaining arguments. The ALJ's RFC determination is one that the VE stated would preclude all work, and therefore the ALJ's decision that Plaintiff is not disabled is in error. There is no issue of fact left to resolve, as the ALJ's RFC precludes all work.

### (3) Award of Benefits

Generally, when an ALJ's decision is not supported by substantial evidence, the appropriate remedy is to remand the issue for further proceedings. *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). A Court will award benefits only if all factual issues have been resolved, and the "record can yield but one supportable conclusion." *Id.* Therefore, generally the proper remedy is a remand for further proceedings and not an automatic award of benefits. *Gotz v. Barnhart*, 207 F. Supp. 2d 866, 903 (E.D. Wis. 2002).

However, in certain cases, a court may step in and award benefits. A reward of benefits is warranted when the record "yield[s] but one supportable conclusion." *Campbell*, 988 F.2d at 744. The ALJ's RFC determination in this case yields but one supportable conclusion: that Plaintiff cannot perform full time work and is disabled. The ALJ's RFC determination was found to preclude all work by the VE. The ALJ contradicted herself in using an RFC which the VE found would preclude all work, yet she found that there were jobs in the national economy that Plaintiff could perform. An award of benefits is proper. The ALJ made no effort to build an accurate and logical bridge from her RFC determination to her conclusion that Plaintiff could perform work. The VE found that limitations to superficial contact with supervisors would preclude all work. (R. at 814–15.) Plaintiff's counsel clarified this statement, and the VE reiterated the position that including this limitation would mean there were no jobs in the economy that Plaintiff could perform. (R. at 814–15.) The ALJ did not question the VE further or contest the VE's opinion at the hearing. (R. at 814–15.) Yet the ALJ included this limitation with no discussion on the VE's testimony regarding superficial contact and found that Plaintiff was capable of performing full time work. This is illogical, and the ALJ's decision supports a finding of disability in this case.

In addition, the Court may intervene when "the delay involved in repeated remands has been unconscionable," *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2011). Plaintiff applied for benefits in June of 2010. (R. at 11.) After nine years of litigation, Plaintiff has had three hearings before an ALJ, three petitions to the Appeals Council, three appeals to the district court, and two concessions by the Commissioner that the ALJ decisions were inadequate. The delays in this case were also caused by deficiencies that were not attributable to any error by Plaintiff. Plaintiff's case was remanded by the District Court for the first time in September 2014. (R. at 478-504.) The District Court instructed the ALJ to reassess the RFC with regards to concentration, persistence, or pace, and to reevaluate Plaintiff's credibility. (R. at 478, 504.) Almost two years later, again on appeal to the District Court, the Commissioner agreed to a remand, again focusing on the mental RFC with regards to concentration, persistence, or pace, and requesting that the ALJ reassess subjective complaints and obtain new vocational expert testimony. (R. at 869.) In this new appeal to the District Court, the Commissioner has again requested a remand, admitting that the ALJ's decision was flawed yet again. The ALJ has failed to properly evaluate Plaintiff's medical record in three decisions, yet the Commissioner requests a fourth chance to evaluate Plaintiff's request for benefits. Moreover, the Commissioner does not even acknowledge which portions of the ALJ's testimony are faulty in this motion for remand. The Court is left to assume that Commissioner is acknowledging that one of Plaintiff's arguments holds merit, but it is unclear which one(s) deserve(s) a remand. These continued delays, caused by repeated mistakes by the SSA, warrants an award of benefits, particularly when the ALJ's RFC unambiguously points to a determination of disability.

**(E) Conclusion**

Given that the record and the ALJ's decision can only support the conclusion that Plaintiff is disabled, this case is remanded with directions that the application for benefits be granted beginning May 1, 2013. *Briscoe*, 425 F.3d at 357.

SO ORDERED on March 27, 2019.

 s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE